UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACKIE ROBERTSON                              CIVIL ACTION NO. 17-cv-0565

VERSUS                                        MAGISTRATE JUDGE HORNSBY

CITY OF SHREVEPORT, ET AL

## MEMORANDUM RULING

**Introduction**

Jackie Robertson ("Plaintiff"), who is self-represented, filed this civil rights action against Shreveport Police Officer James A. Delo and the City of Shreveport after Plaintiff was arrested for, but then acquitted of, a charge of careless operation of a vehicle. The parties filed written consent to have the case decided by the undersigned magistrate judge, and the district judge referred the case pursuant to 28 U.S.C. § 636(c). Before the court is a Motion for Summary Judgment (Doc. 28) filed by the City and Corporal Delo. Plaintiff has not filed any timely opposition. For the reasons that follow, the motion will be granted.

**Plaintiff's Allegations**

Plaintiff's original complaint was filed on a Pro Se 1 form that asked him to provide a short and plain statement of his claim. Plaintiff referred to an attachment, which consisted of a letter to the court in which he described a traffic stop. Plaintiff wrote that he was stopped by Corporal Delo, who said Plaintiff was driving carelessly and charged him with being under the influence of alcohol. Plaintiff alleged that the officer perjured himself in court, and the case was dismissed.

Plaintiff also submitted a single page from a transcript of the city court proceeding. It includes the judge's verdict, where she found reasonable doubt, acquitted Plaintiff, and suggested he contact Internal Affairs about his claim of missing money. Plaintiff said that he had done so. In his letter to the court, Plaintiff wrote that Internal Affairs found the officer guilty of violating his civil rights by keeping his personal property and taking $300 from his wallet. Plaintiff suggests that $5,000,000,000 in damages would be appropriate.

Plaintiff later filed an Amended Complaint (Doc. 16) that added some factual allegations about the traffic stop and related events. He alleged that police were conducting a dragnet on I-49 at Kings Highway on the lookout for a black male around 30 or 40 years old who was driving a 2003 to 2004 burgundy Nissan Altima. Plaintiff alleges that he was driving south through that area on his way home to shower and prepare for work, and he had wet his pants because of a bladder procedure performed on him in 2015. Plaintiff alleges that the police stopped him as part of the dragnet even though he was driving a red (not burgundy) 2015 Altima and was 60 years old. Plaintiff alleges that Corporal Delo accused him of being drunk when he saw that Plaintiff's pants were wet.

The Amended Complaint alleged that Corporal Delo took Plaintiff's cell phone and $300 from his wallet. Plaintiff contends that Delo is also liable for false arrest, defamation, and slander, with the latter two charges stemming from publication of his arrest in a local paper. He contends that friends have asked him about the arrest and lost respect for him even though he has not consumed alcohol in 20 years.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Defendants' Summary Judgment Evidence**

Defendants moved for summary judgment and directly challenged each of Plaintiff's claims. They submitted a transcript of Corporal Delo's city court testimony, an inmate property release form, and a police report as their summary judgment evidence. Corporal Delo testified at the trial that he was southbound on Interstate 49 at 11:20 p.m. and was traveling in a lane where there was one lane to his left. He was driving at about the speed limit when he saw in his rearview mirror a vehicle in that left lane closing in at a high rate of speed, estimated to be 20 to 25 miles an hour faster than Delo was going. That

vehicle passed Delo in the left lane and quickly came upon the bumper of a truck that was ahead in that same lane. Plaintiff's vehicle slowed rapidly and began to tailgate the truck.

Corporal Delo testified that he pulled into the left-hand lane and activated his lights and siren to make a traffic stop. Plaintiff's vehicle kept going for about 30 seconds—which Delo said he confirmed by reviewing video of the stop—but finally pulled over. Plaintiff quickly got out of the car before Delo ordered him back in the car. Corporal Delo approached on the passenger side and asked for Plaintiff's license, registration, and proof of insurance. Plaintiff was granted permission to look in his glove compartment for the papers. The compartment was locked, and Delo said it took Plaintiff a dozen or more attempts to open it with a key.

Delo testified that he asked Plaintiff if he had been drinking, but Delo did not say at the trial how Plaintiff responded. The police report indicates that Delo got Plaintiff out of the car and attempted to administer the horizontal gaze nystagmus field sobriety test, but Plaintiff repeatedly refused to cooperate. Delo told him that if he did the test and had no or minimal nystagmus, then Delo would write him a ticket and release him. Otherwise, Delo would book him in jail. Plaintiff continued to refuse to cooperate.

Delo wrote in his report that Plaintiff had the smell of alcohol on his person, walked unsteadily, and had urinated in his pants. He suspected that Plaintiff was under the influence of alcohol or perhaps more. He believed that, for the sake of public safety, he could not release Plaintiff to continue driving, so he took him to city jail and booked him on one charge of careless operation in violation of La. R.S. 32:58. An inmate property release form signed by Plaintiff acknowledges the return of certain property such as

glasses, belt, and lighter. The list does not include a cell phone. It does include cash/money, apparently in the amount of $6.05.

**False Arrest**

To prevail on a Section 1983 false arrest claim, Plaintiff must show that the arresting officer did not have probable cause to make the arrest. Haggerty v. Texas Southern University, 391 F.3d 653, 655 (5th Cir. 2004). On the other hand, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 125 S.Ct. 588, 593 (2004). "Probable cause for a warrantless arrest exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." U.S. v. Watson, 273 F.3d 599, 602 (5th Cir. 2001). Furthermore, a law enforcement officer who reasonably but mistakenly concludes that probable cause is present is entitled to qualified immunity. Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000).

Corporal Delo arrested Plaintiff for careless operation in violation of La. R.S. 32:58. The statute directs that any person operating a vehicle on the public roads shall drive in a careful and prudent manner, so as not to endanger life, limb, or property of any person. Failure to drive in such a manner constitutes careless operation. The uncontested summary judgment evidence indicates that Plaintiff was speeding, rapidly approached the rear of a truck before braking, and traveled too closely to the rear of the truck. There is also uncontested evidence Corporal Delo smelled alcohol on Plaintiff, saw him speaking

erratically, and witnessed him struggle to use a key to open a glovebox. He also saw that Plaintiff had urinated on himself.

"An officer may conduct a warrantless arrest based on probable cause that an individual has committed even a minor offense, including misdemeanors." Deville v. Marcantel, 567 F.3d 156, 165 (5th Cir. 2009), citing Atwater v. City of Lago Vista, 121 S.Ct. 1536 (2001) (seat belt violations). The city court may have found reasonable doubt to convict Plaintiff beyond a reasonable doubt, but that does not preclude the court from finding that Delo had probable cause to make an arrest. "Evidence that the arrestee was innocent of the crime is not necessarily dispositive of whether the officer had probable cause to conduct the arrest." Deville, 567 F.3d at 165.

The summary judgment record provides ample facts to constitute probable cause to charge Plaintiff with careless operation of his vehicle. The burden shifted to Plaintiff to create a genuine dispute of material fact on this point, but he submitted nothing. Corporal Delo and the City are entitled to summary judgment on this claim despite Plaintiff's acquittal at trial. "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." Baker v. McCollan, 99 S.Ct. 2689, 2695 (1979).

**Defamation and Slander**

Plaintiff alleged in his amended complaint that Officer Delo wrote a false report that was published in a local newspaper and on the internet "so everybody could read it" and that now people do not respect him. He invoked the theories of slander and defamation. But "[i]t is well established that there is no constitutional right to be free from slander or

defamation." Henson v. Thomas, 2018 WL 1599528 (W.D. La. 2018), citing Paul v. Davis, 96 S.Ct. 1155 (1976). The court held in Paul that a person whose name and photograph appeared on a flyer captioned "Active Shoplifters" and was distributed by police to merchants did not have a Section 1983 claim based on damage to reputation because it did not deprive him of any liberty or property rights secured against state deprivations by the due process clause. Defendants are entitled to summary judgment on any Section 1983 defamation or slander claims.

Plaintiff does not specifically invoke Louisiana defamation tort law. If the complaint is so construed, Defendants are also entitled to summary judgment on the state law claims. If there is probable cause for arrest, Louisiana law affords police officers a qualified privilege against defamation actions related to reports of the arrest and the charges on which the arrest was based. Thorn v. McGary, 684 Fed. Appx. 430, 435 (5th Cir. 2017) (affirming summary judgment for police officers on defamation claim related to publication of arrest in newspaper). Summary judgment is, therefore, also appropriate on state law defamation or slander claims.

**Taking of Property**

Plaintiff alleges that Corporal Delo took $300 and his cell phone from him. The Parratt/Hudson doctrine provides that: "A deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." Zinermon v. Burch, 110 S.Ct. 975 (1990). Plaintiff alleges that Corporal Delo essentially stole his property. He does not contend that the property was

taken as the result of some established state procedure that would fall outside the scope of the doctrine. And the Fifth Circuit has recognized that Louisiana provides an adequate tort post-deprivation remedy for procedural due process claims relating to negligent or intentional property loss claims. Gross v. Normand, 576 Fed. Appx. 318, 320 (5th Cir. 2014), citing Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984) and La. Civ. Code art. 2315. Defendants are, therefore, also entitled to summary judgment with respect to the property loss claim.

To the extent Plaintiff is attempting to assert the property loss claims under state law in this action, the court declines to exercise jurisdiction over them given the resolution of all federal law claims on which original jurisdiction was based. 28 U.S.C. § 1367(c)(3). That is consistent with the general rule is that state law claims should be dismissed once the federal claims have been dismissed. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995). A judgment consistent with this Memorandum Ruling will be entered.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of April, 2018.

*[Signature]*
Mark L. Hornsby
U.S. Magistrate Judge